## 20321

Danny GERALD, Respondent, v. Silas M. PEARMAN, Chief Highway Commissioner, South Carolina State Highway Department, Appellant.

(230 S. E. (2d) 709)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, Dep. Atty. Gen.,* and *F. Kimball Joyner, Jr., Staff Atty.,* of Columbia, *for Appellant,*

*David W. Keller, Jr., Esq., of McGowan, Nettles, Keller,* Florence, *for Respondent,*

December 7, 1976.

LEWIS, Chief Justice.

The question to be decided is whether the provisions of Code Section 46-185, as amended, require the appellant, South Carolina State Highway Department, to accept an application for reissuance of a revoked driver's license at any-time after the expiration of one year from the date of revocation, where the license has been revoked for a period of five years as mandated by Code Section 46-341.

Section 46-341 provides that "the Department (appellant) shall revoke for a period of five years the driver's license of any person convicted of reckless homicide."

Respondent, Danny Gerald, entered a plea of nolo contendere to the offense of reckless homicide and his license was properly revoked by appellant for a period of five years, as required by Section 46-341.

Shortly after the expiration of one year from the date of revocation of his license, respondent applied for a new license, contending that he was permitted, under Code Section 46-185, as amended, to make application for a new license after the expiration of one year, although his license had been revoked for five years. The provisions of Section 46-185, relied upon by respondent, are as follows:

"Any person whose license or privilege to drive a motor vehicle on the public highways has been revoked shall not be entitled to have such license or privilege renewed or restored unless the revocation was for a cause which has been removed, *except that after the expiration of at least one year from the date on which the revoked license was surrendered to and received by the Department, or as may otherwise be provided by law, such person may make application for a new license as provided by law* . . . ."

The contention of respondent, adopted by the lower court is that the foregoing emphasized portions of Section 46-185 apply to revocations for reckless ho-

micide under Section 46-341 so as to permit an application for reissuance of a license, revoked thereunder, after the expiration of one year. This appeal is from the order of the lower court requiring appellant to, accordingly, accept respondent's application for a new license before the expiration of the five year period of revocation. Appellant contends, on the other hand, that the provisions of the latter section made revocation of respondent's license for five years mandatory and that the provision of Section 46-185, permitting an application for a new license after the expiration of one year, was inapplicable. We agree.

There can be no doubt that, under the plain and unambiguous language of Section 46-341, the driver's license of one convicted of reckless homicide must be revoked for a period of five years and that appellant would be prohibited from accepting an application for the reissuance of a license so revoked until the expiration of the five year period.

We find nothing to indicate that the General Assembly intended for Section 46-185 to apply so as to reduce the period of revocation mandated by Section 46-341, which would be the result of holding that Section 46-185 permitted application for a new license after the expiration of one year. Instead, we construe Section 46-185 as applicable to revocations made under Section 46-175.

What is now Sections 46-175 and 46-185 were originally enacted in 1930, Act No. 603, 36 Stat. 1057 (1930) ; and amended in 1959, Act No. 255, 51 State. 421 (1959). As originally enacted, Section 46-185 authorized appellant to suspend, or cancel or revoke the driver's license of any person for a period of *not more than one year;* and Section 46-175 required appellant to revoke the license of any person, *for a period of twelve (12) months,* upon evidence of the conviction of persons charged with the commission of (a) manslaughter in the operation of a motor vehicle, (b) any crime constituting a felony in the commission of which a motor vehicle is used, and (c) upon three charges of reckless

driving within a period of twelve months from the first conviction.

The amendments in 1959 changed the violations for which a license must be suspended under Section 46-175 to include only manslaughter and any felony under the laws of this State in which a motor vehicle is used. The revocation period for these violations was then changed from one year to an indefinite period; and the general prohibition on revocations of longer than a year was eliminated from Section 46-185. After these amendments, there was no limit on the period of revocation under Section 46-175. That section also contains the provision that "the Department shall also revoke or suspend a driver's license for any other cause as may be required by other laws of this State." At the time of the amendment of Section 46-175 in 1959, the mandatory provision for revocation of a license for reckless homicide was in existence and constituted a requirement for revocation "by other laws of this State" within the meaning of the foregoing provision of Section 46-175.

We think the intent is clear that the provisions of Section 46-185, quoted herein-above, were enacted to establish limits on the indefinite revocations authorized by the amended Section 46-175. It is evident that, if the quoted provision permitting application for a new license after the expiration of one year had not been enacted, the revocation of a person's license under Section 46-175 could have been permanent. The provision to permit application for a new license after the expiration of one year was enacted to avoid that result. Nothing appears to indicate that it was intended to apply to Section 46-341.

We agree with appellant that to apply Section 46-185 to Section 46-341, thus allowing a driver convicted of reckless homicide to apply for a new license after only one year, would render Section 46-341 devoid of any meaning or purpose and make the mandatory five year revocation super-

fluous. We find nothing to indicate that this result was intended by the General Assembly.

The lower court also reasoned that, since manslaughter is a felony and reckless homicide is a misdemeanor, the General Assembly could not have meant to impose the mandatory revocation period of five years for reckless homicide and at the same time permit application after one year for reissuance of a license revoked for manslaughter. It was concluded that the Legislature could not have intended to deal more harshly with violations for a misdemeanor (reckless homicide) than with those for a felony (Manslaughter). There is no merit in this contention. The fact is that the Legislature has provided a greater punishment for reckless homicide (a maximum sentence of five years) than for manslaughter where the punishment is limited to a maximum of three years. The Legislature, in fixing the revocation penalty, was no doubt motivated by the same considerations which caused it to provide for a greater maximum punishment for the misdemeanor, reckless homicide, than for the felony, manslaughter.

The judgement is accordingly reversed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.